Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida
_____ Division

| | |
|---|---|
| Shovan Ambush<br><br>_____<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br>-v-<br><br>Carnival Corporation<br><br>_____<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes ☑ No<br><br><br>FILED BY____MC____D.C.<br>JAN 03 2023<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - MIAMI |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.   The Parties to This Complaint**

    **A.   The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

|   |   |
|---|---|
| Name | Shovan Ambush |
| Street Address | 313 Hidden Forest Court |
| City and County | Fairless Hills, Bucks County |
| State and Zip Code | Pa 19030 |
| Telephone Number | 954-487-9988 |
| E-mail Address | skambush2@gmail.com |

    **B.   The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name    Carnival Corporation

    Job or Title *(if known)*

    Street Address    3655 NW 87th Avenue

    City and County    Miami, Miami-Dade County

    State and Zip Code    Fl 33178

    Telephone Number    (305) 599-2600

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Carnival Cruise Line |
| Street Address | 3655 NW 87th Avenue |
| City and County | Miami, Miami-Dade County. |
| State and Zip Code | Fl, 33178 |
| Telephone Number | (305) 599-2600 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [✓] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [✓] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [ ] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
failure to rehire 08/25/2021. Failure to accomdate schedule 06/18/2020

C. I believe that defendant(s) *(check one)*:
- [✓] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [ ] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [✓] disability or perceived disability *(specify disability)*
  Backpain, Mental Health, Endometriosis, Fibromyalgia

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

seeattached

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
08/25/2021 it was accepted into the system 12/13/2021

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 12/01/2022 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/13/2022

Signature of Plaintiff: *Shovan Ambush*

Printed Name of Plaintiff: Shovan Ambush

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



**DEPARTMENT OF VETERANS AFFAIRS**

December 13, 2022

Shovan Kea Ambush
313 Hidden Forest Ct
Fairless Hills, PA 19030

In Reply Refer to:
xxx-xx-2900
27/eBenefits

Dear Ms. Ambush:

This letter is a summary of benefits you currently receive from the Department of Veterans Affairs (VA). We are providing this letter to disabled Veterans to use in applying for benefits such as state or local property or vehicle tax relief, civil service preference, to obtain housing entitlements, free or reduced state park annual memberships, or any other program or entitlement in which verification of VA benefits is required. Please safeguard this important document. This letter is considered an official record of your VA entitlement.

Our records contain the following information:

## Personal Claim Information

Your VA claim number is: xxx-xx-2900

You are the Veteran.

## Military Information

Your most recent, verified periods of service (up to three) include:

| Branch of Service | Character of Service | Entered Active Duty | Released/Discharged |
|---|---|---|---|
| Army | Honorable | February 01, 2005 | January 31, 2006 |
| Army | Honorable | October 16, 2007 | October 15, 2012 |

(There may be additional periods of service not listed above.)

## VA Benefit Information

| | |
|---|---|
| You have one or more service-connected disabilities: | Yes |
| Your combined service-connected evaluation is: | 100% |
| Your current monthly award amount is: | $3750.57 |
| The effective date of the last change to your current award was: | December 01, 2022 |
| You are considered to be totally and permanently disabled due solely to your service-connected disabilities: | Yes |
| The effective date of when you became totally and permanently disabled due to your service-connected disabilities: | June 27, 2019 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Shovan Ambush,
*Plaintiff*                                      )   Case No.
                                                 )
                                                 )
                                                 )
vs.                                              )
                                                 )
Carnival Corporation,                            )
*Defendant*                                      )

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. Factual Background

The plaintiff is suing defendant under " 42 U.S.C. §§ 12111-17," - Discrimination.

1. The defendant, Carnival Corporation is a company that operates out of Miami Florida. Their headquarters is located at 3655 NW 87th Avenue. Miami, FL. 33178 U.S.A.

2. The plaintiff, Shovan Ambush is both a resident of Fairless Hills, Pa and maintains a post office box in Orlando, Fl.

3. The plaintiff was hired to work with the defendant on July 10, 2017 and worked through July 02, 2020. Plaintiff identifies as a disabled veteran and it was noted on the application. The plaintiffs' qualifications is her employment history with the company. Pay stubs can be provided upon request.

4. The plaintiff started off as a call center customer service agent in the US territory and then moved to the Australian desk in 2018 a remote position. The job description of the International & Diamond Desk Agent is included. Exhibit E. The plaintiff also worked as a contractor through a company called Arise where at the time Heidi Mitchell was the manager for the Carnival Arise team.

5. The plaintiff worked for the company with the listed medical conditions. Plaintiff was medically discharged from the military for back injuries in 2012. Plaintiff self-accommodated her work condition as to work from bed laying down to be able to work the full schedule.

6. Plaintiff was approved for FMLA on November 19th 2019. Plaintiff exhausted FMLA hours and requested to continue to work part time.

7. Plaintiff states that In June 2020, however, after she had exhausted her available FMLA leave, Ms. Ambush's physician advised that she had developed a new condition, that they had been unable to treat her pain, and that she was unable to perform her essential job functions despite accommodations. Following receipt of this letter, Ms. Ambush again resigned, with her resignation taking effect on July 2, 2020. Exhibit A: Section B.

8. The accommodation requested was to work part time hours and the accommodation given was to work a specific shift 12am-830 am until the department changed my schedule to 7pm-3am. The position was already a work from home position due to Australian business hours." Exhibit G

9. The problem with this scenario is that the defendant knew that the plaintiff's reasoning for leaving was the plaintiff ran out of FLMA hours. The defendant denied the request to continue working 25 hours a week. The defendant was aware of the upcoming surgery and failed to offer any additional solutions.

10. The condition was a service-connected condition from the military. It wasn't a new condition. It was a condition that affected the plaitiff's ability to work for the three years that I have worked for Carnival. The plaintiff needed a hysterectomy. The plaintiff was diagnosed with endometriosis in 2009 which the plaintiff is also service connected for. The physician also stated that there would be another review in 6 months. The VA decision's can be provided upon request. Exhibit G. Exhibit H shows the same information from the same doctor but the pain wasn't as severe. Exhibit I is from the psychiatrist Dr. Applegate.

11. The Plaintiff contacted Human resources on July 09, 2021 to speak with Human Resources director about working on a modified schedule. Plaintiff spoke with Lisa Parisi for 45 minutes discussing the possibility of coming back to work for Carnival. Parisi stated that she could allow a modified schedule if Plaintiff could pass the interview.

12. The Plaintiff requests that the time from her resignation to the rehiring process be considered citing *National Railroad Passenger Corp. ("Amtrak") v. Morgan, 122 S. Ct. 2061 (2002)*.

13. The continuing violations doctrine, which typically arises in the context of employment discrimination, permits employees to recover for discriminatory acts, such as harassment or promotion denials, that fall outside the limitations period, as long as part of a "continuing violation" is within the period.

14. In 1996, Abner Morgan filed a charge with the EEOC alleging that he suffered racial discrimination, retaliation for complaining of the discrimination, and a hostile work environment. Morgan asserted that the acts of discrimination started in 1990 and continued for 5 years. At trial, a federal district court granted partial summary judgment in Amtrak's favor, "holding that the company could not be

liable for conduct occurring before May 3, 1994, because that conduct fell outside of the 300-day filing period." On appeal, the Ninth Circuit Court of Appeals reversed the district court's decision, holding that discriminatory acts may be strung together to form a continuing violation that permits a plaintiff to sue for actions that occurred outside of the 300 day limitations period. The Ninth Circuit stated, "a plaintiff may sue on claims that would ordinarily be time barred so long as they either are sufficiently related to incidents that fall within the statutory period or are part of a systematic policy or practice of discrimination that took place, at least in part, within the limitations period." Amtrak appealed the Ninth Circuit's decision to the United States Supreme Court. The Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate 180 or 300-day period, but a charge alleging a hostile work environment will not be time barred if all acts constituting the claim are part of the same unlawful practice and at least one act falls within the filing period.

15. The period that the plaintiff requested 30 hours was included within the rehiring process which was within the EEOC timeline. Exhibit C.

## II. Situation

1. The defendant violated 42 USC § 12111(10)(A)(4)

    No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

    (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

2. The plaintiff is qualified because of the various positions held in the company over a 3-year period, all call center positions, and that she is an individual with a disability who meets the legitimate skill, experience, education, or other requirements of an employment position that he or she holds or seeks, and who can perform the "essential functions" of the position with or without reasonable accommodation.

3. Per the EEOC guidance (OLC Control Number EEOC-NVTA-2002-2)[1]: A qualified individual with a disability is a person who meets legitimate skill, experience, education, or other requirements of an employment position that he or she holds or seeks, and who can perform the "essential functions" of the position with or without reasonable accommodation. Requiring the ability to

---

[1] ADA, Rehabilitation Act, 29 CFR Part 1630

perform "essential" functions assures that an individual will not be considered unqualified simply because of inability to perform marginal or incidental job functions. If the individual is qualified to perform essential job functions except for limitations caused by a disability, the employer must consider whether the individual could perform these functions with a reasonable accommodation. If a written job description has been prepared in advance of advertising or interviewing applicants for a job, this will be considered as evidence, although not necessarily conclusive evidence, of the essential functions of the job.

4. The defendant states that decision wasn't based on request for part-time hours however as stated in their EEOC response:

   "In July 2021, Ms. Ambush reached out to Carnival Human Resources to inquire about the availability of part-time customer service positions. At that time, she was accurately advised that Carnival does not offer part-time opportunities in the area of customer service. With knowledge of the same, beginning in August 2021, Ms. Ambush applied for various customer service positions, all of which were – and continue to be – full-time positions and were advertised as such." Exhibit A

5. According to the court, "Creative Networks denied Duran an employment opportunity and the denial was based on her need for reasonable accommodations. Defendant's motion for summary judgment is based solely on the EEOC's alleged inability to make a *prima facie* case of disability discrimination Equal Emp't Opportunity Comm'n v. Graceworks Lutheran Servs., Case No. 3:15-cv-261 (S.D. Ohio Jun. 15, 2016)

6. The court "decline[d] to adopt Creative Networks' stringent standard. As a general matter, a claimant is not necessarily required to complete every step of the application process—or even apply—when discriminatory hiring procedures deter her from doing so." Equal Emp't Opportunity Comm'n v. Graceworks Lutheran Servs., Case No. 3:15-cv-261 (S.D. Ohio Jun. 15, 2016).

7. The plaintiff requested a modified schedule be a reasonable accommodation when the plaintiff was an employee and on 07/09/2021 during the application process.

8. The plaintiff applied for job posting Guest Care, 07/28/2021, job posting 1704 Virtual Agent on 08/25/2021, job posting 2037 Virtual Agent, Service on 9/14/2021, job posting 2206 Virtual Agent, Service, Job posting 2597 Virtual Agent, Service on 11/17/2021 and job posting 4181 Applied on 06/28/2022. There were other jobs applied for, but it was to satisfy the requirements of unemployment. The plaintiff was awarded unemployment in 2020. Exhibit D

9. The plaintiff received an invitation to complete a video assessment on, 08/17/2021, 08/18/2021, 08/24/2021, 08/25/2021, 09/15/2021, and 11/18/2021.

10. The plaintiff was invited to a second interview on 08/09/2021, 12/01/2021.

11. The plaintiff's EEOC claim was placed on 08/25/2021 and accepted on 12/13/2021 and completed 12/01/2022. Exhibit B and Exhibit C.

12. The defendant has to prove a schedule modification causes a hardship In US Airways, Inc. v. Barnett, 535 U.S., 122 S. Ct. 1516 (2002), the Supreme Court laid out the burdens of proof for an individual with a disability (plaintiff) and an employer (defendant) in an ADA lawsuit alleging failure to provide reasonable accommodation. The "plaintiff/employee (to defeat a defendant/employer's motion for summary judgment) need only show that an 'accommodation' seems reasonable on its face, i.e., ordinarily or in the run of cases Once the plaintiff has shown that the accommodation s/he needs is "reasonable," the burden shifts to the defendant/employer to provide case-specific evidence proving that reasonable accommodation would cause an undue hardship in the particular circumstances.

13. According to Florida Law Full time employment is classified as 25 hours or more;

    Under Florida Title XXXVII INSURANCE

    627.6563   Full-time employment defined.—Upon the request of the policyholder, a group, blanket, or franchise health insurance policy issued or delivered in this state that provides coverage to an employer for the benefit of its employees shall include in the definition of "full-time employee" an employee who has a normal workweek of 25 or more hours.

14. According to the IRS in 26 CFR § 54.4980H-3 - Determining full-time employees.

    (iii) Employee determined to be employed an average of at least 30 hours of service per week. An employee who was employed on average at least 30 hours of service per week during the standard measurement period must be treated as a full-time employee for a stability period that begins immediately after the standard measurement period and any applicable administrative period. The stability period must be at least six consecutive calendar months but no shorter in duration than the standard measurement period.

15. Using the guidance of the Florida law and IRS it is safe to say that defendant can still hire the plaintiff at 30 hours a week and still be considered full time.

16. A plaintiff is not required to use the McDonnell Douglas framework to prove employment discrimination. A plaintiff may also use the holistic method of proof established by the *7th Circuit in Ortiz v. Werner Enterprises, Inc.*, under which "all evidence belongs in a single pile and must be evaluated as a whole."


17. Henry Ortiz worked as a freight broker for Werner Enterprises, a shipping company that links customers with transportation carriers for their freight. He was terminated after an assistant manager booked six unprofitable freight loads in his name and Ortiz changed the records in the company's system to reflect that he had not booked the loads or to show different rates to which he thought the carriers had agreed. Ortiz filed a lawsuit under 42 U.S.C. § 1981 and the Illinois Human Rights Act (775 ILCS 5/1-101 to 775 ILCS 5/10-104), arguing that his employment was terminated because of his Mexican ethnicity and that his superiors regularly used racial slurs towards him. He also claimed that Werner subjected him to a hostile work environment in violation of state law.

18. The district court granted summary judgment to Werner, looking at the evidence through the direct and indirect methods, and treating each type of evidence as having its own elements and rules, without aggregating all the evidence to assess the overall likelihood of discrimination. Ortiz appealed to the Seventh Circuit. (Practical Law Labor & Employment, 2016)[2]

    The Seventh Circuit reversed and remanded, holding that:

    The proper standard for analyzing employment discrimination cases is whether the evidence as a whole permits a reasonable fact-finder to conclude that a plaintiff's protected status caused the adverse employment action (Practical Law Labor & Employment, 2016)

    A "convincing mosaic of discrimination" is not a legal test for analyzing whether discrimination occurred. District courts that rely on this metaphor as a legal standard will be subject to summary reversal so that the court can evaluate the evidence under the correct standard. Ortiz v. Werner Enters., Inc., No. 15-2574 (7th Cir. 2016) (Practical Law Labor & Employment, 2016)

    Evidence is evidence and must be considered as a whole; district courts must stop separating direct and indirect evidence and proceeding as if they are different legal standards. Decisions issued using this framework will also be reversed. Ortiz v. Werner Enters., Inc., No. 15-2574 (7th Cir. 2016) (Practical Law Labor & Employment, 2016)

    The phrase "convincing mosaic" originated in Troupe v. May Department Stores Co., where the Seventh Circuit tried to illustrate that courts should not differentiate between direct and indirect evidence (20 F.3d 734 (7th Cir. 1994)) (Practical Law Labor & Employment, 2016).

---

[2] Practical Law Labor & Employment. (2016, August 25). Seventh Circuit Clarifies Employment Discrimination Legal Standard: Forget "Convincing Mosaic"; Evidence is Evidence. Thomson Reuters Practical Law.

The plaintiff can use proof of the employer's reasons for an adverse action often depends on inferences rather than on direct evidence *Cucuzza vs the City of Santa Clara, 104 Cal App 4th 1031, 1040 (2002)*.

19. California police officer was recently allowed to continue his claim against his former employer because they did just that: they refused to consider him for rehire. The police officer had previously retired due to a physical condition, but he reapplied as a new recruit and finished at the top of his field. Rather than viewing him as a top applicant, the city ignored his qualifications and dismissed his application based on his past medical issue and his indication that he might need a reasonable accommodation *Gardner v. City of Berkeley, ND Cal, Jan. 2012*.

## III. CONCLUSION

1. Plaintiff has worked successfully with Carnival for 3 years with conditions that were present at the beginning of the employment. The 3 years in the company puts me at a higher position then new employees. The defendant would have to prove that all of the applicants for the positions listed were also previous Carnival employees or have call center experience. According to Pines Federal Employment Attorneys site[3] and the Americans with Disabilities Act (ADA), an employer can't deny a modified work schedule as a reasonable accommodation unless the employer can demonstrate why the employee is needed on a full-time schedule. The employer can't merely state that anything less than full-time employment is unreasonable. They will need to provide qualifying evidence to the ADA to prove that you can't perform your job responsibilities with a reduced work schedule. The company has over 120,000 employees state side.

2. Addressing the time barred issue. The plaintiff ended service on July 3rd, 2020. The plaintiff tried working with the defendant without court involvement by contacting HR in July of 2021 with HR responding on July 9th, 2021. The defendant started the rehire process in August of 2021. After being denied a position that the defendant was originally hired for the defendant contacted EEOC in August of 2021 and had an appointment set for December 13th 2021.

3. The Plaintiff is looking for rehire into the company based on her previous department since the department failed to give her the reasonable accommodation request during her time of employment. The plaintiff's hourly rate was 16.40 per hour in 2020. Although the plaintiff did voluntarily leave the company. The plaintiff wasn't aware of the law that ADA leave is a reasonable accommodation. The company never suggested it. It is explicitly stated in the reason for leaving why the plaintiff left the company.

---

[3] Pines Federal. (2022, November 2). Does a Reduced Work Schedule Qualify as a Reasonable Accommodation? Pines Federal Employment Attorneys. https://www.pinesfederal.com

> The complainant should also receive all applicable benefits and step or pay increases. See Oni v. Dep't. of the Treasury, EEOC Appeal No. 0720100015 (Oct. 11, 2011). See EEOC Chapter 11 Section II [4].

4. The plaintiff is requesting back pay from 2020 to the time of final judgement. Carnival employs over 500 people and the limit on punitive damages is $300,000. If reinstatement is not available, then the plaintiff requested front pay. See EEOC Chapter 11 section VII subsection A.

5. Also, according to the EEOC website Chapter 11 section IV [5]: The Commission has held that front pay may be awarded in lieu of reinstatement when: (1) no position is available; (2) a subsequent working relationship between the parties would be antagonistic; or (3) the employer has a record of long-term resistance to anti-discrimination efforts. Brinkley v. U.S. Postal Service, EEOC Request No, 05980429 (Aug. 12, 1999).
The fact that front pay is awarded in lieu of reinstatement implies that the complainant is able to work but cannot do so because of circumstances external to the complainant. See Cook v. U.S. Postal Service, EEOC Appeal No. 01950027 (July 17, 1998).

6. The plaintiff started school back in May 2022 to receive a second Bachelor's degree in Spanish. Included is the plaintiff's resume Exhibit J showing her skills and education fit the job descriptions listed in Exhibit D.

Dated: December 13, 2022

Respectfully submitted,

Shovan Ambush
Pro Se
Skambush2@gmail.com
313 Hidden Forest Court
Fairless Hills, Pa 19030
Telephone: (954)487-9988

---

[4] Management Directive 110. (n.d.-b). US EEOC Chapter 11 section II.
[5] Management Directive 110. (n.d.-b). US EEOC Chapter 11 section IV.

Certificate of Service*

I hereby certify that a true and correct copy of the foregoing was served by *Certified Mail*
on 12/28/2022 on all counsel or parties of record on the Service List below.

_____

*signature*
Signature of Filer

*: a Certificate of Service is only required if filed conventionally (not through CM/ECF). see Section 3K(4), CM/

ECF NextGen
Administrative

SERVICE LIST

Melissa S Zinkil
Akerman LLP
777 South Flagler Drive Suite 1100 West Tower
West Palm Beach, FL 33401

Heather Weeter
CARNIVAL CORPORATION
3655 NW 87TH AVE
Miami, FL 33178

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Shovan Ambush,
*Plaintiff*                                          ) Case No.
                                                     )
                                                     )
vs.                                                  )
                                                     )
Carnival Corporation,                                )
*Defendant*                                          )

## COMPLAINT

I, __Shovan Ambush_____, plaintiff, in the above styled cause, sue defendant(s):
_Carnival Cruise Corporation_____.
This action is filed under (indicate under which federal law or section of the U.S. Constitution
this action is being filed): _42 USC 12112. _

---

Dated: December 13, 2022

Respectfully submitted,

*Shovan Ambush* (signature)
Shovan Ambush
Pro Se
Skambush2@gmail.com
313 Hidden Forest Court
Fairless Hills, Pa 19030
Telephone: (954)487-9988