UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20021-BLOOM/Otazo-Reyes

SHOVAN AMBUSH,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

### ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

**THIS CAUSE** is before the Court upon Plaintiff Shovan Ambush's ("Plaintiff") Motion for Leave to Proceed in this action *in forma pauperis*, ECF No. [3] (the "IFP Motion"), filed on January 3, 2023. The Court has carefully considered the IFP Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, Plaintiff's IFP Motion is denied.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *see* 28 U.S.C. § 1915(a)(1). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780,

Case No. 23-cv-20021-BLOOM/Otazo-Reyes

784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Plaintiff's IFP Motion represents that she receives $3,750.57 per month as an unemployed disabled veteran and that she receives an additional $543.68 per month in Chapter 31 vocational rehabilitation education benefits from the U.S. Department of Veterans Affairs during the semester. ECF No. [3] at 2. Plaintiff claims to have one dependent but does not specify the amount she contributes to his support.[1] As such, Plaintiff's income exceeds the poverty guideline, making her ineligible to proceed IFP. *See* 87 Fed. Reg. 3315 (Jan. 21, 2022) (setting $18,310.00 per year as the relevant poverty guideline).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's IFP Motion, **ECF No. [3]** is **DENIED**. Plaintiff shall pay the applicable filing fee **on or before January 13, 2023**. Plaintiff is cautioned that the failure to comply will result in dismissal of this case without prejudice and without further notice.

---

[1] The Court nonetheless applies the poverty guideline for a household of two people in an abundance of caution.

Case No. 23-cv-20021-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 4, 2023.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Shovan Ambush
313 Hidden Forest Court
Fairless Hills, PA 19030
954-487-9988
Email: skambush2@gmail.com
PRO SE

3